UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD DARREN SMITH,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 2:15-cv-00504-RAJ-KLS

REPORT AND RECOMMENDATION

Noted for October 16, 2015

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On June 27, 2012, plaintiff filed applications for disability insurance and SSI benefits, alleging in both applications he became disabled beginning November 20, 2010. *See* Dkt. 8, Administrative Record ("AR") 21. Those applications were denied upon initial administrative

REPORT AND RECOMMENDATION - 1

review on September 17, 2012, and on reconsideration on November 9, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on June 20, 2013, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's friend. *See* AR 45-86.

In a decision dated July 29, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 18-44. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 4, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 2-7; 20 C.F.R. § 404.981, § 416.1481. On April 2, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on June 15, 2015. *See* Dkt. 8. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or alternatively for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in rejecting the lay witness evidence in the record; (4) in assessing plaintiff's residual functional capacity ("RFC"); and (5) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred in rejecting the lay witness evidence in the record – and thus in assessing plaintiff's RFC and in finding him capable of performing other work – and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

REPORT AND RECOMMENDATION - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

I.      The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Plaintiff asserts that the ALJ rejected the lay witness testimony of John Sylvester, his friend, without providing germane reasons for doing so. The undersigned agrees. At the hearing, Mr. Sylvester testified that he saw plaintiff or talked to him on the phone on a weekly basis, that he had seen plaintiff "isolate a lot more" and that "even when [plaintiff] could get out . . . it seem[ed] to be hard for him to get out and deal with kind of regular things in the real world." AR 80, 82. Mr. Sylvester further testified that there had "been times when" they have "met another friend or met some other people, and [plaintiff would] be very . . . shy, withdrawn, socially awkward," that "[h]e's having a lot of trouble engaging with folks" and that "he spends most of his time with his mother." AR 83.

Mr. Sylvester also testified that in terms of going on any recent outings or trips, they had gone to the casino "several times within the last six months," that they would stay for "a couple hours usually; sometimes longer," that they sometimes ate there, and that when there plaintiff "like[d] to play slot machines sometimes, usually [for] very small amounts." AR 79. In addition, Mr. Sylvester testified that:

REPORT AND RECOMMENDATION - 4

> And, you know, the trips . . . where we'[re] -- doing something like going to a casino, it's -- you know, it's just something very mindless and simple. . . . I think that's because it's his comfort level. We used to do things that would be more, you know -- more regular, more normal. But he's been very withdrawn, very isolated, agitated, anxious, and so, therefore . . . I just feel like he's not in any shape to go do much else.

AR 83. Mr. Sylvester went on to testify that even when they used to do "something a little more exciting than that," plaintiff "was very withdrawn, very anxious, and very inappropriate in ways with people." *Id.* In terms of being inappropriate, Mr. Sylvester explained that plaintiff was "not relaxed," "full of a lot of anxiety" and "very ill at ease most of the time." AR 84.

With respect to Ms. Sylvester's testimony concerning plaintiff's activities, the ALJ stated that it was being "given significant weight," because Mr. Sylvester had "observed [him] on a weekly basis." AR 37. The ALJ further stated that Mr. Sylvester's description of those activities, "such as going out in public to a casino, staying for a few hours, going out to eat, and visiting with his friend on a weekly basis are inconsistent with debilitating limitations." *Id.* As plaintiff argues, however, this is not an accurate depiction of Mr. Sylvester's testimony, which as noted above paints a far more restrictive picture of plaintiff's activities and functioning. Defendant argues the ALJ did not discount Mr. Sylvester's testimony, but instead accepted it as to the facts of plaintiff's actual activities. But as discussed further below, the ALJ failed to properly account for the level of restriction Mr. Sylvester testified to in regard to those activities in his assessment of plaintiff's RFC. As such, the ALJ erred.

II.  The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be

REPORT AND RECOMMENDATION - 5

made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found that plaintiff had the following mental RFC:

> **. . . He can understand, remember, and perform three or more step tasks and detailed or complex job instructions. [He] can exercise judgment and make decisions on those tasks and can perform those tasks routinely. He can interact appropriately with supervisors and co-workers, and can interact appropriately with members of the public, but would function best with minimal contact with the general public.**

AR 26 (emphasis in original). As discussed above, however, Mr. Sylvester's testimony indicates the presence of far more restrictive capabilities than does the ability to interact appropriately with supervisors, co-workers and members of the public. Accordingly, it cannot be said that the ALJ's RFC assessment completely and accurately describes all of plaintiff's functional limitations or is free of error.

REPORT AND RECOMMENDATION - 6

III.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At a previous hearing, hypothetical questions were posed to a vocational expert containing substantially the same limitations as were included in the ALJ's RFC assessment. *See* AR 38. In response, the vocational expert testified that an individual with those limitations – and with the same age, education, and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the previous testimony of the vocational expert, the ALJ found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 38-39. Again, however, because the ALJ erred in evaluating the lay witness testimony in the record and thus in assessing the plaintiff's RFC, the hypothetical question cannot be said to

REPORT AND RECOMMENDATION - 7

completely and accurately describe all of plaintiff's functional capabilities. Thus, the vocational expert's testimony, and therefore the ALJ's step five finding, also cannot be said to be supported by substantial evidence or to be free of error.

IV.   This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the lay witness testimony in the record, plaintiff's RFC and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the

REPORT AND RECOMMENDATION - 8

ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **October 16, 2015**, as noted in the caption.

DATED this 30th day of September, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9